O

# United States District Court
# Central District of California

| | |
|---|---|
| CHRISTOPHER AUSTEN SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES et al., <br><br> Defendants. | Case № 2:21-cv-06161-ODW (JCx) <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [52]** |

## I.   INTRODUCTION

Plaintiff Christopher Austen Scott moves for leave to file a Third Amended Complaint ("TAC"). (Mot. Leave Am. ("Mot." or "Motion"), ECF No. 52.)  For the reasons discussed below, the Court **GRANTS** Scott's Motion.[1]

## II.   BACKGROUND

On July 30, 2021, Scott filed this action against the City of Los Angeles ("City"), Chief Michel Moore in his individual and official capacities, and Does 1 through 10 of the Los Angeles Police Department ("LAPD").  (Compl., ECF No. 1.) In the Complaint, Scott asserted nine causes of action arising from the LAPD's use of excessive force while searching and arresting Scott.  (*See id.*)  Among other things,

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Scott alleged that the Defendants, including Does 1 through 10, were negligent in "[t]he failure to provide prompt medical care to [Scott]." (*Id.* ¶¶ 110–124.) After the Court granted in part Defendants' Motion to Dismiss and Strike, Scott filed the First Amended Complaint. (Order Granting in Part Mot. Dismiss and Strike, ECF No. 33; First Am. Compl. ("FAC"), ECF No. 34.)

On June 13, 2022, the Court issued a Scheduling and Case Management Order. (Scheduling Order, ECF No. 38.) The Court set September 19, 2022, as the deadline to hear motions to amend pleadings, (*id.* at 24), and explained that any requests to amend pleadings after the deadline would be subject to review under *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), (*id.* at 5). On August 2, 2022, pursuant to the parties' stipulation, the Court granted Scott leave to file his Second Amended Complaint. (Stip., ECF No. 44; Order Granting Stip. ECF No. 45.) On August 3, 2022, Scott filed the Second Amended Complaint. (Second Am. Compl. ("SAC"), ECF No. 46.)

On August 9, 2022, Scott served his First Set of Interrogatories and Requests for Production of Documents on the City. (Mot. 13.) The City requested multiple extensions to respond to Scott's discovery requests, which Scott granted. (*Id.*) On November 18, 2022, Scott received the City's interrogatory responses and a document production of more than 1,120 pages of documents, including multiple hour-long videos. (*Id.*) During the course of Scott's counsel's review of this production, counsel identified the individuals who allegedly denied Scott medical care, as well as facts indicating that the denial of medical care rose to the level of a constitutional violation, rather than mere negligence. (*Id.* at 14.)

On January 13, 2023, Scott's counsel emailed defense counsel with the proposed Third Amended Complaint and requested that the City stipulate to its filing. (*Id.*) On January 26, 2023, the parties met and conferred regarding Scott's request, and the City indicated that it would not stipulate to the filing of the proposed Third Amended Complaint. (*Id.*) On January 27, 2023, Scott filed the instant motion,

requesting leave to file a Third Amended Complaint in order to (1) name individual defendants who directly participated in the denial of adequate medical care to Scott following his arrest, and (2) assert as a separate cause of action a Fourteenth Amendment claim for the denial of adequate medical care. (*Id.* at 5.) The Motion is fully briefed. (Opp'n, ECF No. 56; Reply, ECF No. 71.)

### III.   LEGAL STANDARD

When a party moves to amend a pleading beyond the deadline set in the scheduling order, the party must first show "good cause" for relief from the deadline. Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 607–08. Federal Rule of Civil Procedure ("Rule") "16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and . . . [i]f [the moving] party was not diligent, the inquiry should end." *Id.* (citations omitted). Only when a party first satisfies the Rule 16 good cause standard need a court consider whether amendment is proper under Rule 15. *See id.* at 608.

Under Rule 15, courts analyze the following "*Foman* factors" to determine whether leave to amend should be granted: (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies by amendments previously allowed; (5) undue prejudice to the opposing party; and (6) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts apply these factors with "extreme liberality" favoring amendment under Rule 15. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). However, the moving party cannot "appeal to the liberal amendment procedures afforded by Rule 15" unless it first "satisf[ies] the more stringent 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis omitted).

### IV.   DISCUSSION

The Court considers whether leave to amend is appropriate under Rules 15 and 16. Fed. R. Civ. P. 15, 16.

### A. Rule 16

Scott argues there is good cause to allow him to amend his pleadings after the September 19, 2022 deadline set by the Court in the Scheduling Order. (Mot. 12–15.) Scott contends that he acted diligently and, through the discovery process, recently discovered the identities of certain Doe defendants and facts indicating that his denial of medical care went beyond mere negligence and rose to the level of a constitutional claim. (*See id.* at 14.)

Rule 16 requires the moving party to demonstrate good cause to modify the case schedule to permit an otherwise late motion for leave to amend. *See* Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 607–08. The moving party can show good cause through "changes in law or newly discovered evidence." *Del Rio v. Virgin Am., Inc.*, No. 2:18-cv-1063-GW (SKx), 2019 WL 210957, at *3 (C.D. Cal. Jan. 3, 2019). However, "that justification erodes . . . when a Plaintiff delays amending his complaint beyond the time he could have discovered the grounds for amendment through the exercise of reasonable diligence." *Id.* (emphasis omitted).

Here, Scott received a production of documents from the City on November 18, 2022, which contained more than 1,120 pages of documents, including multiple hour-long videos. (Mot. 13.) This production identified the individuals—previously named as Doe defendants—who allegedly denied Scott adequate medical care. (Decl. Emily C. Barbour ISO Mot. ("Barbour Decl.") ¶ 10, ECF No. 52-1.) The production also included information regarding those individuals' knowledge of Scott's injuries at the time. (*Id.*) Accordingly, Scott did not have reason to seek the amendments proposed in the Third Amended Complaint until after he received and reviewed the City's production. On the other hand, Defendants knew from Scott's prior pleadings that he sought to name these individuals in this action, so it should be no surprise to Defendants that now, after discovery revealed the identities of these individuals, Scott seeks to amend.

Moreover, the Court finds that Scott was reasonably diligent in reviewing the production and moving to amend once he discovered the identities of the officers and the factual basis for his constitutional due process claim. Scott received the production just before the Thanksgiving holiday. (Mot. 13.) The production was voluminous and included more than 1,120 pages of documents and multiple hour-long videos. (*Id.*) Scott's counsel diligently reviewed the production and, despite three intervening holidays, contacted opposing counsel early in the new year to discuss Scott's proposed Third Amended Complaint. (*Id.* at 13–14.) The day after the parties met and conferred regarding the proposed Third Amended Complaint and Defendants stated that they would not stipulate to its filing, Scott filed the instant Motion. (*Id.* at 14.)

Defendants argue that Scott has not been diligent in discovery because he did not serve his first discovery requests until more than a year after filing the Complaint. (Opp'n 7.) However, that argument ignores that much of this delay was due to stipulated extensions of time for Defendants to respond to the Complaint and settling the pleadings. (*See* Stips. Extend, ECF Nos. 15, 16; Order Granting in Part Mot. Dismiss and Strike.)

Finally, the Court finds that the significance of Scott's proposed new cause of action—a Fourteenth Amendment claim for the denial of adequate medical care—weighs in favor of permitting amendment here.

Accordingly, the Court concludes that Scott has shown good cause under Rule 16(b).

**B.     Rule 15**

Scott also argues that leave to amend should be granted pursuant to Rule 15. (Mot. 8–12.)

The Court finds that the balance of the *Foman* factors weigh in favor of granting leave to amend. First, as discussed above, Scott diligently sought to amend his pleadings following the discovery of new evidence. Thus, as to the first three

*Foman* factors, Scott did not act with undue delay, bad faith, or a dilatory motive. *Foman*, 371 U.S. at 182. Additionally, considering the fourth factor, although Scott previously amended his pleadings, the proposed amendments at issue here are not the result of Scott's failure to cure deficiencies by amendments previously allowed. *Id.* Rather, Scott's proposed amendments stem from the discovery of new evidence.

The fifth *Foman* factor—undue prejudice to the opposing party—is the weightiest factor. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (finding that "prejudice to the opposing party . . . carries the greatest weight" among the *Foman* factors). Here, Defendants contend that the newly-named individuals would be prejudiced by their belated addition to this case and, further, that Scott's proposed amendments would prejudice Defendants by necessitating additional discovery. (*See* Opp'n 8–10.) However, the Court finds that any prejudice caused by Scott's amended pleadings is limited given that discovery in this matter remains open.[2] (*See* Scheduling Order 24); *see also Williams v. City of Long Beach*, No. 2:18-cv-01069-AB (JCx), 2020 WL 5983256, at *4 (C.D. Cal. July 21, 2020) (finding defendants were not prejudiced by proposed amendments to pleadings in part because discovery was open). Additionally, Scott's initial Complaint included allegations that Does 1 through 10 of the LAPD were negligent in "[t]he failure to provide prompt medical care to [Scott]." (Compl. ¶¶ 110–24.) Thus, even prior to Scott's proposed amendments, the parties had reason to pursue discovery concerning Defendants' provision of medical care to Scott following his arrest.

As to the final *Foman* factor, the parties do not contend that Scott's proposed amendments would be futile. (*See generally* Opp'n.) Thus, the sixth factor does not weigh against granting leave to amend. *Foman*, 371 U.S. at 182.

Accordingly, the Court concludes that the balance of the *Foman* factors weigh in favor of granting leave to amend under Rule 15.

---

[2] To the extent that Defendants believe Scott's Third Amended Complaint necessitates an extension of the discovery deadlines, they may seek an extension from the Court. Such a request must be supported by good cause through a concrete showing. (*See* Scheduling Order at 1.)

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Scott's Motion for Leave to File a Third Amended Complaint. (ECF No. 52.) By **March 23, 2023**, Scott shall file the Third Amended Complaint, which Scott submitted as Exhibit A to the Barbour Declaration. (Barbour Decl. Ex. A, ECF No. 52-2.)

**IT IS SO ORDERED.**

March 17, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**